86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel T. MILLER, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 94-36216.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided May 31, 1996.
 
 Before: GOODWIN, SKOPIL and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel T. Miller was denied social security disability benefits based on findings that he engaged in substantial gainful activity after the alleged onset of disability, and that his physical and mental impairments do not prevent him from working. The district court upheld the Commissioner's decision based on Miller's work activity; we affirm on the alternative ground that substantial evidence in the record supports the finding that Miller can return to work.
 
 
 3
 The ALJ found that Miller had both exertional and nonexertional impairments, but retained the residual functional capacity to perform light work. Miller concedes that his exertional impairments do not prevent him from engaging in light work. He alleges, however, that he also suffers from anxiety, depression, somatoform pain disorders, development reading disorders, a passive dependent personality, attention deficit, and hyperactivity. He argues that these nonexertional impairments coupled with his physical limitations prevent him from performing any work.
 
 
 4
 We reject Miller's argument. The treating psychiatrist, Dr. Brown, reported that Miller was either hyperactive or suffered from an attention deficit disorder, and that Miller therefore had moderate limitations in cognitive and social situations, and more significant limitations in his ability to carry out detailed instructions or to maintain concentration and attention over prolonged periods of time. All of these functional limitations were presented to the vocational expert, who concluded that Miller could perform a range of light work including "light janitorial work." Substantial evidence exists in the record to support the finding that Miller can engage in light work.
 
 
 5
 Miller argues, however, that the ALJ erred in accepting the vocational expert's opinion that he could perform janitorial work because such work is inconsistent with the definition of "light" work. The Dictionary of Occupational Titles, relied upon by the vocational expert and the ALJ, classifies janitorial work as "medium" employment. We could remand to allow the ALJ to recall the vocational expert to determine whether other light jobs exist that Miller could perform given his combined exertional and nonexertional limitations. See Terry v. Sullivan, 903 F.2d 1273, 1280 (9th Cir.1990). Remand is not necessary, however, in this case. We have held that "the ALJ may rely on the testimony of the vocational expert even if it is inconsistent with the job descriptions set forth in the Dictionary." Johnson v. Shalala, 60 F.3d 1428, 1434-35 (9th Cir.1995) (quotation omitted). The record must simply contain "persuasive evidence to support the deviation." Id. Here, the vocational expert fully explained why Miller could perform "light" janitorial work by noting that Miller was actually engaged in such work as a cleaner at Fir Crest Farms at the time of the administrative hearing. Miller disputes the actual job requirements at Fir Crest, but again, there is substantial evidence in the record to support the ALJ's reliance on the vocational expert's opinion. See id. at 1436 (proper for ALJ to rely on expert testimony that claimant could actually perform specified "light" jobs although claimant's capacity was limited to "sedentary" jobs).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, the Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, pursuant to section 106(d) of Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3